# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| Melissa Myers<br><br>    Plaintiff,<br><br>v.<br><br>B&T Financial Services, LLC,<br><br>    Defendant. | Case No.:  1:10-cv-558<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Defendant is a Maryland Limited Liability Company that maintained its principal place of business in Germantown, Maryland at all times relevant to this action.

3. Plaintiff is a natural person that resided in Austin, TX at all times relevant to this action.

4. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

5. As described below, Defendant attempted to collect a debt that Plaintiff allegedly owed to Citibank, which is a "debt" as defined by 15 U.S.C. §1692a(5).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. On or around April 7, 2010, Defendant's employee ("Tanner") telephoned Plaintiff's mother ("Karen") in connection with the collection of the debt and left a voice message.

8. During this communication, Tanner did not state for whom he was calling but provided a reference number and requested a return call.

9. On or around April 7, 2010, Karen telephoned Defendant in response to the above referenced voice message and spoke to Tanner.

10. During this communication, Karen identified herself and inquired as to the nature of Tanner's call. Tanner requested the reference number that he had left in the voice message and Karen provided the same. Tanner then stated that he was calling in regards to Plaintiff and asked if Karen was Plaintiff's mother. Karen confirmed that she was Plaintiff's mother.

11. Despite knowledge of Karen's identity, Tanner proceeded to tell Karen that Plaintiff owed money to Citibank and that Plaintiff had refused to return several of Defendant's calls. Tanner then falsely represented that the sheriff office would be serving Plaintiff with a summons unless Plaintiff called Defendant as soon as possible.

12. On or around April 8, 2010, Plaintiff telephoned Defendant and spoke to Tanner.

13. During this communication, Plaintiff asked why Tanner had spoken to Karen about the debt and Tanner responded by falsely representing that Karen had pretended to be Plaintiff.

14. During this communication, Tanner falsely represented that a lawsuit was being prepared against Plaintiff.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

                By: /s/ Bryan Fears
                    Bryan Fears, Bar # 24040886
                    Macey & Aleman, P.C. – Of Counsel
                    4925 Greenville Avenue, Suite 715
                    Dallas, TX 75206
                    Telephone: (214)-890-0711
                    Email: fears@fnlawfirm.com